**RECEIVED**
IN LAKE CHARLES, LA

MAY – 7 2009

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CAROLYN ABSHIRE | : | DOCKET NO. 2:08 CV 650 |
| VS. | : | JUDGE MINALDI |
| HOBBY LOBBY STORES, INC. ET AL | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Before the Court is a motion for summary judgment, [doc. 14], filed by the defendant Hobby Lobby Stores, Inc. et al (hereinafter collectively "Hobby Lobby"). Pursuant to the Notice of Motion Setting, the plaintiff Carolyn Abshire had until May 1, 2009 to file her opposition [doc. 15]. Ms. Abshire did not file an opposition.

### FACTS

On April 10, 2008, Ms. Abshire filed suit in the 14th JDC against Hobby Lobby for injuries allegedly sustained when she slipped and fell on April 13, 2007 in the Hobby Lobby located at 3420 Hwy. 14 in Lake Charles.[1] She alleges that she fell because of an oily substance on the floor of the store.[2] As a result of the fall, Ms. Abshire alleges that she has suffered severe pain and grievous bodily injury to her lower back, neck, shoulder, right arm, and abdominal area.[3] On May 14, 2008, Hobby Lobby removed this action to the United States District Court for the Western District of

---

[1] Compl. ¶ 3 [doc. 1-2].

[2] *Id.* The oily substance was later identified as potpourri oil.

[3] *Id.* ¶ 6.

Louisiana, Lake Charles Division.[4] A jury trial is scheduled for May 11, 2009.

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The party moving for summary judgment is initially responsible for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the moving party's motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant satisfies this burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* (quoting *Celotex*, 477 U.S. at 323). In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There is no genuine issue for trial, and thus a grant of summary judgment is warranted, when the record as a whole "could not lead a rational finder of fact to find for the non-moving party. . . ."

## ANALYSIS

Hobby Lobby argues that there is no evidence that an employee spilled the liquid potpourri, or that the potpourri was on the floor for any length of time. Thus, Hobby Lobby moves for summary judgment because there is no issue of fact for trial as to whether Hobby Lobby created or

---

[4] Notice of Removal [doc. 1-1].

had actual or constructive knowledge of the hazard, as is required by La. Rev. Stat. Ann. § 9:2800.6(B)(2).

"When the accident is allegedly the result of a specific act on the part of a merchant, and not solely the result of a condition found on the premises, ordinary negligence principles apply." *Toney v. United States Dep't of Army*, 207 Fed. Appx. 465, 467 (5th Cir. 2006). Here, because the accident is allegedly the result of a condition–spilled potpourri oil–on the premises, Louisiana's merchant premises liability statute, La. Rev. Stat. Ann. § 9:2800.6, applies rather than ordinary negligence principles. Section 9:2800.6 provides:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> > (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
> >
> > (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
> >
> > (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

3

C. Definitions:

> (1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

The Louisiana Supreme Court has stated that the plaintiff must make a clear showing of each element in La. Rev. Stat. Ann. § 9:2800.6(B). *White v. Wal-Mart Stores, Inc.*, 97-0393 (La. 9/9/97); 699 So.2d 1081, 1084. Significantly, the *White* court observed that a finding of constructive notice requires a temporal element, and "[t]he statute does not allow for the inference of constructive notice absent some showing of this temporal element." *Id.* Moreover, "[t]he claimant must make a positive showing of the existence of the condition prior to the fall. A defendant merchant does not have to make a positive showing of the absence of the existence of the condition prior to the fall." *Id.*

The *White* court elaborated on the temporal requirement:

> Though there is no bright line time period, a claimant must show that "the condition existed for such a period of time ... " Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of some time period. A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall.

*Id.* at 1084-85. In reversing the Louisiana Fifth Circuit Court of Appeal's conclusion that the plaintiff demonstrated the merchant had constructive notice, the *White* court stated:

> To prove constructive notice, the claimant must show that the substance remained on the floor for such a period of time that the defendant merchant would have discovered its existence through the exercise of ordinary care. Plaintiff presented absolutely no evidence that the liquid was on the floor for any length of time. This complete lack of evidence falls far short of carrying the burden of proving that the liquid had been on the floor for such a period of time that the defendant should have discovered its existence.

*Id.* at 1086 (finding that "the absence of evidence [regarding how long the spill was on the floor] is fatal to the claimant's cause of action"). Accordingly, as the Fifth Circuit has stated, the dispositive question is whether Ms. Abshire "has raised a fact issue regarding whether the liquid on the floor existed for a period of time sufficient to give rise to constructive notice. Simply demonstrating the existence of the hazard does not satisfy the burden." *Courville v. Target Corp. of MN.*, 232 Fed. Appx. 389, 391 (5th Cir. 2007).

In *Martin v. The Kroger Company*, the Fifth Circuit considered whether the district court properly granted summary judgment in favor of Kroger in an action pursuant to La. Rev. Stat. Ann. § 9:2800.6. 283 F.3d 1099 (5th Cir. 2001). The district court held that the plaintiff could not establish that Kroger had constructive notice of the hazardous element–grapes on the floor of an aisle not containing produce–prior to the accident. *Id.* The Fifth Circuit affirmed, concluding that the plaintiff failed to demonstrate any evidence that the hazardous condition existed for a period of time such that it would have been discovered had Kroger exercised reasonable care. *Id.* (noting that the plaintiff admitted she had "no idea" how the grapes were on the floor, or how long the grapes were on the floor before she fell).

Ms. Abshire did not file an opposition, so the only summary judgment evidence this Court has was submitted by Hobby Lobby. In her deposition, Ms. Abshire stated that she slipped and fell on potpourri oil on the aisle containing wooden furniture,[5] and no one witnessed the accident.[6] After she fell, she noticed a clear sticky substance on the floor, which she identified as potpourri oil based on its smell and the potpourri bottle.[7] She did not notice the bottle or the spill prior to her fall.[8] She further stated she did not know how long the bottle was there prior to her fall, and did not know anyone who could tell her how long the bottle was there before her fall.[9] Ms. Abshire also said she has "no clue" how the potpourri oil came to be in the furniture aisle.[10]

Hobby Lobby also submits an affidavit from Vicki Broussard Melanson, who shopped in Hobby Lobby on April 13, 2007.[11] Just before hearing someone say there had been an accident in the wooden furniture aisle, Ms. Melanson walked down the same aisle.[12] She stated that she did not see liquid potpourri or another foreign item on the floor.[13] When Ms. Melanson went to help Ms.

---

[5] Ms. Abshire stated that the potpourri oil was in another aisle. Def.'s Ex. A (Abshire Dep.) 90.

[6] *Id.* 82:1-9.

[7] *Id.* 84-87.

[8] *Id.* 88:23-89:21. She also stated the bottle was not in the middle of the aisle, but it was not hidden. *Id.*

[9] *Id.* 92:7-10.

[10] *Id.* 91:1-21.

[11] Def.'s Ex. B ¶ 3 (Melanson Aff.)

[12] *Id.* ¶ 5.

[13] *Id.* ¶ 7.

Abshire, she saw liquid potpourri on the floor.[14]

Like the plaintiff in *Martin*, Ms. Abshire had no idea how the oil came to be on the floor in the wooden furniture aisle, or how long the oil was there before she fell. As the Louisiana Supreme Court has made clear in *White*, mere speculation is insufficient to establish a genuine issue of material fact as to constructive notice for trial. Because Ms. Abshire has not demonstrated any evidence to satisfy the temporal requirement for imputing constructive notice to Hobby Lobby under Louisiana law, summary judgment is proper; accordingly,

IT IS ORDERED that Hobby Lobby's motion for summary judgment, [doc. 14], is hereby GRANTED;

IT IS FURTHER ORDERED that this case is hereby DISMISSED in its entirety.

Lake Charles, Louisiana, this ___ day of _____, 2009.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[14] *Id.* ¶ 6.